| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy           4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Cocoa Services, L.L.C.** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **FDBA   Cocoa Services, L.P.** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **22-3203769** |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** **400 Eagle Court** **Swedesboro, NJ 08085** Number, Street, City, State & ZIP Code  **Gloucester** County | **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business** _____ Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | _____ | |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Debtor  **Cocoa Services, L.L.C.**                                                    Case number (*if known*) _____
          Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __3119__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor | **Transmar Commodity Group Ltd.** | Relationship **Parent** |
| District | **Southern District of New York** | When **12/31/16**  Case number, if known **16-13625** |

| Debtor | **Cocoa Services, L.L.C.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district?*** *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
        Contact name      _____
        Phone             _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ■ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| | | |
|---|---|---|
| Debtor | **Cocoa Services, L.L.C.** | Case number (*if known*) _____ |
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/14/2017
MM / DD / YYYY

**X**  /s/ Bernd Herrmann                              **Bernd Herrmann**
Signature of authorized representative of debtor        Printed name

Title  **Authorized Officer**

**18. Signature of attorney**

**X**  /s/ Tracy L. Klestadt                           Date  07/14/2017
Signature of attorney for debtor                       MM / DD / YYYY

**Tracy L. Klestadt**
Printed name

**Klestadt Winters Jureller Southard & Stevens, LLP**
Firm name

**200 West 41st Street, 17th Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone  **(212) 972-3000**    Email address  **tklestadt@klestadt.com**

2089985 (New York)
Bar number and State

# UNANIMOUS WRITTEN CONSENT
# OF THE MANAGERS OF
# COCOA SERVICES, L.L.C.
# AND
# MORGAN DRIVE ASSOCIATES, L.L.C.

The undersigned, being all of the managers (the "Managers") of Cocoa Services, L.L.C. and Morgan Drive Associates, L.L.C. (collectively, the "Companies"), each a New Jersey limited liability company, hereby adopt by this written consent the following resolutions with the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Managers, and direct that this written consent be filed with the minutes of the proceedings of the Managers:

Appointment of Interim Chief Restructuring Officer

WHEREAS, the Managers have determined it to be in the best interests of the Companies to engage Deloitte Transactions and Business Analytics LLP ("DTBA") to provide Mr. Robert Frezza as the Companies' Interim Chief Restructuring Officer and related services subject to the terms of a letter agreement between the Companies and DTBA, a copy of which is attached hereto as **Exhibit A** (the "DTBA Agreement"); now therefore be it

RESOLVED, that the President of the Companies be, and hereby is, authorized and directed to execute and deliver the DTBA Agreement on behalf of the Companies and to cause the Companies to perform their obligations thereunder; and be it further

RESOLVED, that Robert Frezza be, and hereby is, appointed Interim Chief Restructuring Officer of the Companies, with such duties and subject to such terms and conditions as specified in the DTBA Agreement, and with such authority of the Managers delegated to him as necessary to perform such duties; and be it further

RESOLVED, that the Managers and their designees be, and hereby are, authorized and directed to take such actions as they may deem necessary or appropriate to effectuate the foregoing resolutions, in each case subject to the requirements of the DTBA Agreement.

Authorization of Chapter 11 Proceedings

WHEREAS, the Managers have reviewed materials presented by the Companies' management and legal and financial advisors regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' respective businesses; and

WHEREAS, the Managers have had the opportunity to consult with the Companies' management and legal and financial advisors and fully consider the alternatives available to the Companies; now therefore be it

RESOLVED, that, in the judgment of the Managers, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest that the Companies each file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and be it further

RESOLVED, that each of Peter G. Johnson, Timothy B. Johnson, Bernd Herrmann, Robert Frezza and such other persons acting at their direction (each an "Authorized Officer," and collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute in the name of and on behalf of the Companies all petitions, schedules, lists and other papers or documents, and to take any and all action that he deems necessary or proper or desirable in connection with the Companies' chapter 11 cases before the Bankruptcy Court, with a view to the successful prosecution of such cases; and be it further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ Riker Danzig Scherer Hyland & Perretti LLP ("Riker Danzig") as general bankruptcy and corporate counsel to represent and assist the Companies in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings and actions as may be necessary or desirable; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 cases, and cause to be filed an appropriate application for authority to retain the services of Riker Danzig; and be it further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ:

1. Deloitte Transactions and Business Analytics LLP in support of Robert Frezza's role as Chief Restructuring Officer of the Companies,

2. Prime Clerk as claims and noticing agent under 28 U.S.C § 156 and administrative advisor under 11 U.S.C. § 327,

3. Klestadt Winters Jureller Southard & Stevens, LLP, as New York local counsel and conflicts counsel under 11 U.S.C. § 327(a), and

4. any other professionals to assist the Companies in carrying out their respective duties under the Bankruptcy Code as he may determine to be necessary or desirable,

and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 cases, and cause to be filed an appropriate application for authority to retain the services of such professionals as necessary; and be it further

2

RESOLVED, that each of the Authorized Officers is hereby authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, complaints, declarations, applications for approvals or ruling of governmental or regulatory authorities, certificates, certifications or other documents, and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Companies' respective businesses, including a sale of substantially all of the Companies' assets; and be it further

RESOLVED, that all acts lawfully done or actions lawfully taken by any of the Authorized Officers or any of the professionals to seek relief on behalf of the Companies under the Bankruptcy Code or in connection with the chapter 11 cases, or any matter or proceeding related thereto, be and hereby are adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies; and be it further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered for, in the name of and on behalf of either of the Companies to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and be it further

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of either of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

[*signature page follows*]

IN WITNESS WHEREOF, the undersigned, being all of the Managers, have executed this written consent as of the _12th__ day of June, 2017.

                                                                       /s/ Peter G. Johnson
                                               PETER G. JOHNSON

                                               /s/ Mary H. Johnson
                                               MARY H. JOHNSON

                                               /s/ Timothy B. Johnson
                                               TIMOTHY B. JOHNSON

# EXHIBIT A

**Deloitte Transactions and Business Analytics LLP Agreement**

5

# Deloitte.

Deloitte Transaction and Business
Analytics LLP
100 Kimball Drive
Parsippany, New Jersey 07054

www.deloitte.com

June 14, 2017

Mr. Peter G. Johnson, Sr.
Chief Executive Officer
Transmar Commodity Group Ltd.
2025 Joshua Road
Lafayette Hill, PA 19444

Mr. Peter G. Johnson, Sr.
Chief Executive Officer
Cocoa Services LLC
400 Eagle Court
Swedesboro, NJ 08085

Mr. Peter G. Johnson, Sr.
Chief Executive Officer
Morgan Drive Associates LLC
400 Eagle Court
Swedesboro, NJ 08085

Re:  Amendment to Engagement of Deloitte Advisory to Provide Managing Director as Interim CRO

Dear Mr. Johnson:

Reference is made to the engagement agreement, dated December 18, 2016 (the "Engagement Agreement"), between Transmar Commodity Group Ltd. ("Transmar") and Deloitte Advisory[1] ("Advisor").  For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to amend the Engagement Agreement, effective as of June 14th, 2017 (the "Effective Date"), as set forth below.  Capitalized terms that are used herein, but that are not defined, shall have the same meaning as in the Engagement Agreement.

Transmar and its wholly-owned subsidiaries, Cocoa Services LLC ("CS") and Morgan Drive Associates LLC ("Morgan"), have requested that Advisor perform the Services for CS and Morgan, including making Robert Frezza, the current Interim CRO of Transmar under the Engagement Agreement, available to take on the same role with respect to such entities.  It is Advisor's understanding that the board of directors of CS and Morgan are the same as the board of directors of Transmar.

Based upon the foregoing, the Engagement Agreement is hereby amended as of the Effective Date as follows:

1. The term "Client" in the Engagement Agreement shall be deemed to be Transmar, CS and Morgan.

2. The term "Board" shall be deemed to mean the respective boards of directors of Transmar, CS and/or Morgan, as the context requires.

Notwithstanding the inclusion of CS and Morgan as clients under the Engagement Agreement, each of CS and Morgan acknowledges and agrees that it has no rights under the Engagement Agreement with respect to the Services performed thereunder prior to the Effective Date and that Advisor and the Interim CRO shall have no obligation to inform CS or Morgan about such Services or update or re-perform such previously performed Services for their benefit.  Notwithstanding the foregoing, Advisor and the Interim CRO may utilize confidential information of Transmar obtained prior to the Effective Date or share such information with CS and/or Morgan, in each case as it or he deems necessary or desirable in connection with the performance of the Services.

---

[1] For purposes of this amendment, Deloitte Advisory shall mean Deloitte Transactions and Business Analytics LLP.

Peter G. Johnson, Sr. – Transmar Commodity Group Ltd.
Peter G. Johnson, Sr. – Cocoa Services LLC
Peter G. Johnson, Sr. – Morgan Drive Associates LLC
June 14, 2017
Page 3

**Agreed and Accepted by: Cocoa Services LLC**

By: _[signature]_____

Name: Peter G. Johnson, Sr.

Title: Chief Executive Officer

Date: June 14th 2017

Agreed and Accepted by: the Board of Directors of Cocoa Services LLC

By: _____

Name: _____

Title: _____

Date: June 14th 2017

**Agreed and Accepted by: Morgan Drive Associates LLC.**

By: _[signature]_____

Name: Peter G. Johnson, Sr.

Title: Chief Executive Officer

Date: June 14th 2017

Agreed and Accepted by: the Board of Directors of Morgan Drive Associates LLC

By: _____

Name: _____

Title: _____

Date: June 14th 2017

Peter G. Johnson, Sr. – Transmar Commodity Group Ltd.
Peter G. Johnson, Sr. – Cocoa Services LLC
Peter G. Johnson, Sr. – Morgan Drive Associates LLC
June 14, 2017
Page 2

Except as expressly amended hereby, the Engagement Agreement shall remain in full force and effect in accordance with their terms.

The Engagement Agreement, as modified by this amendment, constitutes the entire agreement between the parties with respect to its subject matter and supersedes all prior understandings, proposals, negotiations, and communications, oral or written, between the parties or their representatives with respect to the subject matter hereof.

By signing the space provided below, (i) each of CS and Morgan agrees to be bound by the terms and conditions of the Engagement Agreement as modified hereby and under the terms hereof effective as the Effective Date and (ii) Transmar consents to the inclusion of CS and Morgan as clients under the Engagement Agreement as modified hereby and under the terms hereof. If the above terms are acceptable to you, please sign the enclosed copy of this amendment in the space provided and return it to us.

Very truly yours,

Deloitte Transactions and Business Analytics LLP

By: _____
Michael Epstein, Principal


**Agreed and Accepted by: Transmar Commodity Group Ltd.**

By: _____

Name: Peter G. Johnson, Sr.

Title: Chief Executive Officer

Date: June 14th 2017


Agreed and Accepted by: the Board of Directors of Transmar Commodity Group Ltd.

By: _____

Name: _____

Title: _____

Date: June 14th 2017

# United States Bankruptcy Court
## Southern District of New York

In re  **Cocoa Services, L.L.C.**                                    Case No.
                                              Debtor(s)              Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Cocoa Services, L.L.C.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**ITC Cocoa House Limited**
**200 South Street**
**4th Floor**
**Morristown, NJ 07960**

**ITOCHU Corporation**
**5-1, Kita-Aoyama 2-chome**
**Minato**
**Tokyo 107-8077, Japan**

**Morristown Group LLC**
**200 South Street**
**4th Floor**
**Morristown, NJ 07960**

**Transmar Commodity Group Ltd.**
**200 South Street**
**4th Floor**
**Morristown, NJ 07960**

**Transmar Group Ltd.**
**200 South Street**
**4th Floor**
**Morristown, NJ 07960**

**Transmar Holdings LLC**
**200 South Street**
**4th Floor**
**Morristown, NJ 07960**

☐ None [*Check if applicable*]

 July 14, 2017                                      /s/ Tracy L. Klestadt
 Date                                               **Tracy L. Klestadt**
                                                    Signature of Attorney or Litigant
                                                    Counsel for  **Cocoa Services, L.L.C.**
                                                    **Klestadt Winters Jureller Southard & Stevens, LLP**
                                                    **200 West 41st Street, 17th Floor**
                                                    **New York, NY 10036**
                                                    **(212) 972-3000 Fax:(212) 972-2245**

# United States Bankruptcy Court
## Southern District of New York

In re  **Cocoa Services, L.L.C.**  
Debtor(s)

Case No.  
Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Transmar Commodity Group Ltd.<br>200 South Street<br>Morristown, NJ 07960 | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Authorized Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  July 14, 2017

Signature  /s/ Bernd Herrmann  
**Bernd Herrmann**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.